PER CURIAM.
The employer and carrier appeal from a workers’ compensation order which determined the average weekly wage (AWW) of an injured resident apartment rental manager. We reverse the amount of the AWW and remand the case to the judge of compensation claims for further proceedings.
The employment agreement provided that the claimant was “free to engage in other full or part-time employment, occupation or business” provided that it did not interfere with her obligations under the agreement. Competent substantial evidence was presented which would support a finding that the claimant was entitled to engage in the cleaning of apartments for winter “snowbird” tenants, and that she received $120 per week in cleaning fees and $20 per week in tips for such work during the thirteen week period preceding her accident. However, we must reverse the judge’s inclusion of these amounts in the AWW calculations, because under the circumstances presented here, this work cannot be considered “employment” covered by the Workers’ Compensation Act. The record evidence indicates that in cleaning apartments for “snowbirds,” the claimant was acting as an independent contractor and was not under the control or direction of the employer.
The claimant’s testimony constitutes competent substantial evidence that the employer provided her with a uniform worth $140-160, and that the employer also provided her with a free meal worth $10-15 approximately every other week, apparently in connection with management meet *94 ings and training sessions. However, the order does not explain, and we cannot determine from the record before us, how the judge arrived at the specific amounts he included in the AWW for these fringe benefits. We must therefore remand the case to the judge of compensation claims for an explanation of the amounts included for uniforms and meals, or for a recalculation of those amounts.
The inclusion of $480 per month in cleaning fees and $80 per month in tips in the calculation of the AWW is REVERSED. The case is REMANDED to the judge of compensation claims for explanation of the amounts for uniforms and meals included in the calculation of the AWW, or for recalculation of those amounts. In all other respects, the order is AFFIRMED.
BOOTH, BARFIELD and MINER, JJ., concur.